Citation Nr: 1714069 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 08-16 788 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for right foot plantar fasciitis and small calcaneal spurs with degenerative joint disease at the first metatarsophalangeal (MTP) joint.

2. Entitlement to an initial rating in excess of 10 percent for left foot plantar fasciitis and small calcaneal spurs with degenerative joint disease at the first metatarsophalangeal (MTP) joint.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Donna D. Ebaugh, Counsel


INTRODUCTION

The Veteran had active military service from August 1978 to August 2005.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, which granted service connection for bilateral plantar fasciitis, evaluated as noncompensable, effective September 1, 2005.

In March 2011, the Veteran testified at a Board hearing regarding the severity of his plantar fasciitis. A transcript of that hearing is of record. The Veterans Law Judge who conducted the March 2011 hearing has since retired from the Board. In June 2014, the Veteran indicated that he did not want a new hearing concerning this issue. See 38 U.S.C.A. § 7107 (c) (West 2014).

In November 2011, the Board remanded the claim for further development. 

In September 2012, the Agency of Original Jurisdiction (AOJ) issued a rating decision recognizing several separate aspects of the Veteran's foot disability, to include residual scar, status post removal of neuroma, right foot; right foot hallux valgus; left foot hammertoes; right foot hammertoes; and neuropathy of right superficial peroneal nerve status post neuroma resection. A 10 percent rating was assigned for the scar and the remaining disabilities were rated as noncompensable. The Veteran has not indicated any disagreement with these separate ratings. 

In an April 2015 decision, the Board granted a 10 percent rating, for bilateral plantar fasciitis. The Veteran appealed that decision to the United States Court of Appeals for Veterans Claims (Court). In April 2016, the Court vacated and remanded the portion of the April 2015 Board decision that denied a rating in excess of 10 percent for bilateral plantar fascitis. This was pursuant to a Joint Motion for Remand (Joint Motion). The grant of the 10 percent rating was not disturbed.

In April 2016, the Veteran testified before the undersigned with regard to the issue of entitlement to service connection for a left shoulder disability.

In August 2016, the Board granted separate 10 percent ratings for each foot and remanded the claims for further development with respect to entitlement to ratings in excess of 10 percent for each foot; and entitlement to service connection for a left shoulder disorder. In January 2017, the AOJ granted service connection for the left shoulder disability. Thus, the appeal as to that issue was satisfied in full. 

The Board also notes that in January 2017, the Veteran filed a notice of disagreement with a decision concerning dependency. As the record indicates that the AOJ is working on the appeal, the Board will defer further consideration of that issue. Cf. Manlincon v. West, 12 Vet. App. 238 (1999)

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In accordance with the Board's previous remand instructions, the Veteran was afforded a December 2016 VA-contracted examination; but the examination did not comply with the August 2016 remand directives. The Board is required to insure compliance. Stegall v. West, 11 Vet. App. 268 (1998) (remand by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms).

The August 2016 remand directed the examiner to record the results of range of motion testing for pain on both active and passive motion and in weight-bearing and non-weight-bearing or state why such testing is not warranted or not feasible, in accordance with Correia v. McDonald, 28 Vet. App. 158 (2016). The December 2016 VA-contracted examiner did not indicate any results of range of motion testing or indicate whether any such testing was done on active or passive range of motion. Moreover, the December 2016 VA-contracted examiner noted that the Veteran had mild degenerative joint disease (DJD) in each foot, but did not indicate any range of motion testing for the specific joint affected by DJD. Rather, the examiner simply indicated that the bilateral foot disability limited the Veteran's ability to stand and walk.

Further, Veteran's bilateral foot disability is currently rated under Diagnostic Code 5284 for a "foot injury, other." But, based on new findings in the December 2016 VA-contracted examination, the Veteran's representative argues that the Veteran's disability should be rated under Diagnostic Code 5278 for pes cavus or Diagnostic Code 5276 analogous to flatfoot, as well as under Diagnostic Code 5003 for arthritis. See March 2017 Informal Hearing Presentation. If a veteran has a disability that is covered by a specific diagnostic code under 38 C.F.R. § 4.71a, then the Diagnostic Code 5284 for a "foot injury, other" is inapplicable. See Copeland v. McDonald, 27 Vet. App. 333, 338 (2015). 

Here, the December 2016 VA-contracted examiner evaluated the Veteran's foot disabilities and opined that the Veteran's bilateral pes cavus is related to service. The examiner also explained that plantar fasciitis consisted of chronic tears in the plantar fascia that caused internal bleeding; calcifies over time; and resulted in arthritis. 

Thus, in order to adequately rate the Veteran's service-connected disabilities, clarification is needed. In this regard, the aforementioned range of motion findings are relevant to the application of the appropriate diagnostic code(s) as Diagnostic Code 5278 for pes cavus, includes dorsiflexion of the toes and ankle in the rating criteria. Further, the Veteran is also service connected for hammertoes (noncompensable), which is a criterion for the 50 percent disability rating under DC 5278, depending on the severity of the hammertoes. Here, the December 2016 VA-contracted examiner left blank the section regarding hammertoes. The Board acknowledges that in another section, when offered the opportunity to check a box for "all toes hammertoes," the examiner did not check the box. However, the complete lack of mention of the hammertoes, gives the Board pause as to whether the VA-contracted examiner adequately assessed the Veteran's bilateral foot disability. 

For these reasons, a new VA examination is required. 

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a VA examination to evaluate the severity of the service connected bilateral foot disabilities. The examiner should note review of the electronic claims file.

The examiner should record results of range of motion testing for pain on both active and passive motion and in weight-bearing and non-weight-bearing or state why such testing is not warranted or not feasible. 

The examiner should also complete the disability benefits questionnaire with respect to the hammertoes section. The examiner is reminded that the Veteran is currently service-connected for hammertoes (noncompensable). 

2. If the benefit sought on appeal is not resolved to the Veteran's satisfaction, issue a supplemental statement of the case; then return the claims file to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).